**UNITED STATES DISTRICT COURT**      **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CRIMINAL NO. 1:15-CR-119-5 |
| | § | |
| KODY DWAYNE ARDOIN | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Kody Dwayne Ardoin's ("Ardoin") *pro se* Motion to Reconsider 3582(c)(1)(A) (#845), wherein he asks the court to reconsider his prior motion for compassionate release (#802). The Government filed a response to Ardoin's motion for reconsideration (#851). In addition, Ardoin filed a *pro se* Motion for Clarification (#847), wherein he requests documentation of Probation's recommendation to the court as well as information concerning which judge screened his prior motion under the Prison Litigation Reform Act ("PLRA"). Having considered the pending motions, the Government's response, the record, and the applicable law, the court is of the opinion that the Motion to Reconsider (#845) should be granted and the Motion for Clarification (#847) should be denied.

I.    Background

On May 4, 2016, a federal grand jury in the Eastern District of Texas returned a four-count Third Superseding Indictment (#52) charging Ardoin in Count One with Conspiracy to Possess With Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846. He was not named in the remaining three counts. On January 25, 2017, following a three-day trial, a jury returned a guilty verdict against Ardoin as to Count 1 of the Third Superseding Indictment. Subsequently, on October 2, 2017, the court sentenced Ardoin to 324 months' imprisonment (adjusted by 51 months to 273 months' imprisonment pursuant to U.S.S.G. § 5G1.3(b)). On

September 28, 2018, the United States Court of Appeals for the Fifth Circuit affirmed Ardoin's conviction and sentence. *See United States v. Walker*, 750 F. App'x 324 (2018). He did not seek a writ of certiorari from the Supreme Court of the United States. On January 17, 2025, former President Joseph Biden accorded Ardoin an Executive Grant of Clemency, which reduced his sentence to 180 months' imprisonment (#813).

On October 10, 2024, Ardoin filed a § 3582(c)(1)(A) motion for compassionate release/reduction in sentence (#802) contending that various sentencing errors violated his right to due process of law.[1] Notably absent from Ardoin's motion was any indication that he had exhausted his administrative remedies prior to filing his motion with the court. Subsequently, the Government filed a Response (#803) and an Amended Response (#827). In its Amended Response, the Government affirmed that "the BOP has no records in its possession supporting the proposition that Ardoin has exhausted his administrative remedies." Accordingly, the court denied Ardoin's motion for failure to exhaust his administrative remedies (#828).

II.    Motion for Clarification

On February 9, 2026, Ardoin filed his Motion for Clarification (#847), seeking information concerning "which judge or magistrate intially[sic] screen motion under PLRA to give government jurisdiction to respond to 18:USC3582(c)(1)(a) motion which under procedural[sic] had have to see movant has exhaust adminstrative[sic] remdys[sic]." Ardoin seems to contend that the court should not request a response or consider the Government's response to his motion for

---

[1] Specifically, Ardoin challenges: (1) an enhancement that increased his offense level by 3 points for having a leadership role in the drug conspiracy; (2) calculating his criminal history as Category III rather than Category II; and (3) being held accountable for 4,881 grams of cocaine base that should not have been attributed to him because 4,620 grams were "unreliable."

compassionate release/reduction in sentence until after the court determines that Ardoin has satisfied the exhaustion requirement. The PLRA requires "that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit." *Jones v. Bock*, 549 U.S. 199, 204 (2007); *accord* 42 U.S.C. § 1997e(a). Here, Ardoin is seeking compassionate release or a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); he has not filed a suit challenging prison conditions. The PLRA does not govern motions for compassionate release/reduction in sentence. Instead, § 3582(c)(1)(A) contains its own exhaustion requirement on which the defendant bears the burden or proof. *See United States v. Garcia-Martinez*, No. EP-24-CR-0764-DCG-1, 2025 WL 2427619, at *2 (E.D. Tex. Aug. 18, 2025); *accord United States v. DeJean*, No. 2:18-cr-120, 2025 WL 3687269, at *3 (E.D. La. Dec. 19, 2025); *United States v. Mahaffey*, No. 17-54-DLB-MAS-1, at *2 (E.D. Ky. July 3, 2025); *United States v. Escobar*, No. 15-CR-150-2 (ARR), 2024 WL 2111573, at *2 (E.D. N.Y. May 10, 2024); *United States v. Avelar*, No. 3:16-cr-0351-B-2, 2022 WL 17096173, at *2 (N.D. Tex. Nov. 20, 2022); *United States v. Singleton*, No. 14-168, 2022 WL 3576767, at *1-2 (E.D. La. Aug. 19, 2022).

Moreover, as explained in the court's prior order (#828), the Fifth Circuit has held that while § 3582(c)(1)(A)'s exhaustion requirement is mandatory, it is "a nonjurisdictional claim-processing rule." *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). Accordingly, the Government must invoke the exhaustion requirement or it is deemed waived. *United States v. McLean*, Nos. 21-40015, 21-40017, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022); *see United States v. Harden*, No. 4:11-CR-127-SDJ, 2025 WL 562716, at *5 (E.D. Tex. Feb. 20, 2025). Therefore, the court will consider the Government's response to a motion for compassionate release to determine whether the defendant has properly exhausted his

3

administrative remedies and, if the defendant has fulfilled the exhaustion requirement, whether the defendant is entitled to relief.  Thus, to the extent that Ardoin asks the court not to consider the Government's response to his motion for compassionate release, his request is denied.

In addition, Ardoin asks for the documentation provided by United States Probation and Pretrial Services ("Probation") to the court regarding his motion for compassionate release.  As noted in its prior order (#828), the court previously received Probation's recommendation that Ardoin's motion for compassionate release be denied.  Ardoin cites no authority, nor is the court aware of any, requiring Probation's recommendation on a post-judgment motion for compassionate release to be shared with the parties.  Probation is a part of the court and provides recommendations to the court on issues of concern which need not be disclosed in this context.  Thus, the court denies Ardoin's request for a copy of Probation's recommendation to the court regarding his motion for compassionate release.

III.    Motion to Reconsider

On January 1, 2025, Ardoin filed a Motion to Reconsider (#845), asserting that he exhausted his administrative remedies prior to filing his motion for compassionate release and attached a copy of a letter entitled "Response to Inmate Request to Staff," dated September 17, 2024, and signed by Warden C. Humphrey.  The letter states that it is written in response to Ardoin's Inmate Request to Staff dated September 5, 2024, wherein Ardoin requested compassionate release/reduction in sentence based on his interpretation of the application of the sentencing guidelines.  The letter states that Ardoin does not "present any extraordinary or compelling reasons" to warrant a reduction in sentence.  The Government, after further review, located Ardoin's September 5, 2024, request to the warden and concedes that Ardoin has in fact

exhausted his administrative remedies with respect to his motion for compassionate release. Accordingly, the court will reconsider Ardoin's motion for compassionate release.

IV.    Conclusion

In accordance with the forgoing analysis, the court DENIES Ardoin's Motion for Clarification (#847) and GRANTS Ardoin's Motion to Reconsider (#845).    The court's Memorandum and Order (#828) dated September 12, 2025, is vacated and Ardoin's Motion for Compassionate Release (#802) is reinstated.

SIGNED at Beaumont, Texas, this 23rd day of February, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE