**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CRIMINAL NO. 1:15-CR-119-5 |
| | § | |
| KODY DWAYNE ARDOIN | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Kody Dwayne Ardoin's ("Ardoin") *pro se* Motion for Reconsideration of Rule 36 (#871). Having considered the pending motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I. Background

On May 4, 2016, a federal grand jury in the Eastern District of Texas returned a four-count Third Superseding Indictment (#52) charging Ardoin in Count One with Conspiracy to Possess With Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846. He was not named in the remaining three counts. On January 25, 2017, following a three-day trial, a jury returned a guilty verdict against Ardoin as to Count 1 of the Third Superseding Indictment. Subsequently, on October 2, 2017, the court sentenced Ardoin to 324 months' imprisonment (adjusted by 51 months to 273 months' imprisonment pursuant to U.S.S.G. § 5G1.3(b)). On September 28, 2018, the United States Court of Appeals for the Fifth Circuit affirmed Ardoin's conviction and sentence. *See United States v. Walker*, 750 F. App'x 324 (2018). He did not seek a writ of certiorari from the Supreme Court of the United States. On January 17, 2025, former President Joseph Biden accorded Ardoin an Executive Grant of Clemency, which reduced his sentence to 180 months' imprisonment (#813). Ardoin is currently housed at FCI Manchester, located in Manchester, Kentucky, with a projected release date of January 26, 2029.

On November 21, 2025, Ardoin filed an "Emergency Motion to Correct Clerical Error Under Federal Rule Criminal Procedure 36" (#840). On February 19, 2026, the court entered an order (#850) denying the motion. On July 16, 2026, Ardoin filed the pending motion requesting that the court reconsider his Rule 36 motion. Although unclear, Ardoin appears to contend that his criminal history score was improperly calculated, the quantity of drugs for which he was found responsible is incorrect, and that he erroneously received an enhancement for his role in the conspiracy.

II. Analysis

As the court explained in its prior order (#850), Rule 36 of the Federal Rules of Criminal Procedure states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36; *see United States v. Smith*, No. 24-50119, 2024 WL 4764275, at *1 (5th Cir. Nov. 13, 2024); *United States v. Willis*, 76 F.4th 467, 472 (5th Cir. 2023); *United States v. Raiford*, 593 F. App'x 383, 383 (5th Cir. 2015). "[T]he purpose of Rule 36 is 'only to correct mindless and mechanistic mistakes.'" *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (quoting *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016)); *accord United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014); *United States v. Phillips*, No. 13-286, 2022 WL 17415077, at *2 (E.D. La. Dec. 5, 2022). "A clerical error occurs when the court intends to do one thing but through clerical mistake or oversight does another." *Raiford*, 593 F. App'x at 383; *accord United States v. Vacchino*, 174 F.4th 932, 941 (5th Cir. 2026); *United States v. Hathorn*, 551 F. App'x 227, 227 (5th Cir. 2014) (citing *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008)). "'Where the record

makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment, the district court can correct the judgment under' Rule 36." *Cooper*, 979 F.3d at 1089 (quoting *Ramirez-Gonzalez*, 840 F.3d at 247). "Rule 36 does not cover deliberate drafting choices." *Id.*; *Ramirez-Gonzalez*, 840 F.3d at 247. "'Rule 36 may not be used to make a substantive alteration to a criminal sentence' or to correct errors of law." *United States v. Calixte*, No. 23-12412, 2024 WL 4799712, at *1 (11th Cir. Nov. 15, 2024) (citing *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004)). Thus, the power to correct a written judgment is limited under Rule 36. *United States v. Read*, 118 F.4th 1317, 1322 (11th Cir. 2024) (quoting *Portillo*, 363 F.3d at 1164-65).

Similarly, "Rule 36 does not encompass sentence modifications." *Willis*, 76 F.4th at 472 (quoting *United States v. Lopez*, 26 F.3d 512, 515 n.5 (5th Cir. 1994)). Hence, Rule 36 may not be used to make a substantive alteration to a criminal sentence. *See United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015); *United States v. Spencer*, 513 F.3d 490, 492 (5th Cir. 2008); *Phillips*, 2022 WL 17415077, at *2. Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correct[ion] of 'errors made by the court itself.'" *Phillips*, 2022 WL 17415077, at *2 (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)); *accord United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993); *United States v. Middleton*, No. 6:16-56-s-9, 2022 WL 15089909, at *2 (S.D. Tex. Oct. 25, 2022). Likewise, "Rule 36 may not be used to alter final judgments to conform to intended consequences regarding prior custody credits." *Middleton*, 2022 WL 15089909, at *2 (citing *Werber*, 51 F.3d at 343). "Indeed, '[c]ourts have consistently rejected attempts to invoke Rule 36 as a *post hoc* justification

to shorten a sentence under U.S.S.G. § 5G1.3 or § 5K2.23.'" *Middleton*, 2022 WL 15089909, at *2.

A pre-sentence report ("PSR") is "part of the record" within the meaning of Rule 36, and courts are required to correct a clerical error within a PSR if the error affects a defendant's "substantial rights." *Mackay*, 757 F.3d at 200; *accord United States v. Smith*, No. 24-50119, 2024 WL 4764275, at *1 (5th Cir. Nov. 13, 2024); *Ramirez-Gonzalez*, 840 F.3d at 245. Nevertheless, Rule 36 "is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes . . . and no new additional legal perambulations which are reachable through Rule 36." *Mackay*, 757 F.3d at 200 (quoting *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 497, 505 (5th Cir. 1994)). Changes to substantive material information within a PSR such as "sentencing guideline ranges" and "policy statements" should be made pursuant to Rule 32, not Rule 36. *Id.* at 199.

A. Criminal History Calculation

Ardoin appears to assert that he was improperly awarded criminal history points. Ardoin contends that the court "committed error when given criminal history points to movant when judgment . . . shows movant received full credit under 5G1.3(b)."[1] The court interprets Ardoin's motion to assert that he should not have been awarded criminal history points for the convictions that were considered relevant conduct to his instant offense, namely possession of marijuana in

[1] U.S.S.G. § 5G1.3(b) provides: "If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows: (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment."

Docket No. 292919 in the Criminal Court at Law No. 3, possession of a controlled substance in Docket No. 12-14399 in the Criminal District Court, and possession of a controlled substance in Docket No. 14-18948 in the 252nd District Court, all in Beaumont, Jefferson County, Texas. The PSR reflects that these three convictions were considered either "relevant conduct to" or "part of" the instant federal offense. Accordingly, no criminal history points were added for these three convictions. Thus, to the extent that Ardoin contends that he was improperly awarded criminal history points for these offenses, he is mistaken. Therefore, his motion is denied as moot.

B. Drug Quantity

Ardoin maintains that the record does not support the probation officer's calculation of the amount of drugs included in his PSR. Here, the probation officer's calculation of drug quantities does not constitute a "mindless and mechanistic mistake." *Mackay*, 757 F.3d at 200 (quoting *W. Tex. Mktg. Corp.*, 12 F.3d at 505). Rather, it reflects the probation officer's conclusions and assessments after a thorough investigation and consideration of the evidence adduced at trial. Moreover, prior to sentencing, counsel for Ardoin filed objections (#561) to the drug calculation, and the probation officer filed a response (#573). The court considered and overruled the objections (#589). Ardoin may not utilize Rule 36 to relitigate this issue, which the court previously considered and rejected.

C. Role in the Offense

Finally, Ardoin contests the sufficiency of the evidence to support the three-level enhancement he received for serving as a manager or supervisor in the conspiracy. Again, the probation officer applied this enhancement after reviewing the evidence presented during trial. Ardoin's counsel filed an objection to the enhancement (#561), the probation officer responded

to the objection (#573), and the court considered and overruled the objection (#589). Thus, application of the enhancement does not constitute a clerical error, and Rule 36 does not permit Ardoin to re-open the sentencing hearing in order to rehash issues that have long been decided.

III. Conclusion

As the court previously ruled, Ardoin's belated motion seeking once again to correct alleged errors in his sentence is without merit. Rule 36 of the Federal Rules of Criminal Procedure does not provide an avenue for Ardoin to relitigate issues previously determined. In accordance with the forgoing analysis, Ardoin's *pro se* Motion for Reconsideration of Rule 36 (#871) is DENIED.

SIGNED at Beaumont, Texas, this 11th day of September, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE